# EXHIBIT 1

## STATE OF MICHIGAN
## KENT COUNTY CIRCUIT COURT

ACRISURE, LLC,

      Plaintiff,

v.

MATTHEW KELLY, CHRISTOPHER
IOVINO, ROBERT KEMPNER,
MICHAEL RELLA, ROBERT TRAGER, &
ERIC WAGNER,

      Defendant.

Case No. 24-_02866_-CB

Honorable

T.J. ACKERT
(P-37123)



Edward J. Bardelli (P53849)
Jarrod H. Trombley (P83517)
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue, Suite 1500
Grand Rapids, Michigan 49503
(616) 752-2000
ebardelli@wnj.com
jtrombley@wnj.com

-and-

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
James R. Carroll (*pro hac vice* forthcoming)
Christopher G. Clark (*pro hac vice* forthcoming)
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.clark@skadden.com

Attorneys for Plaintiff Acrisure, LLC

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

At a session of said Court, held in the City of Grand Rapids,
County of Kent, State of Michigan, this
_____ day of **MAR 2 5 2024**, 2024

PRESENT HONORABLE **T. J. ACKERT**
Circuit Court Judge

This Court has read the Verified Complaint and the Motion for *Ex Parte* Temporary Restraining Order, Preliminary Injunction and Brief in Support. Based on the foregoing, Plaintiff does not have an adequate remedy at law and that the actions of Matthew Kelly, Christopher Iovino, Robert Kempner, Michael Rella, Robert Trager, and Eric Wagner (collectively, the "Defendants") will cause immediate and irreparable injury to Plaintiff by injuring Plaintiff's goodwill with customers and employees and by using or disclosing Plaintiff's confidential information. It is recognized that this Order is entered without notice to prevent immediate and irreparable harm which would result from the delay required to affect such notice. Therefore,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

A. This Order will expire, absent modification or extension by this Court or stipulation of the Parties, fourteen (14) days from the date of this Order;

B. Defendants are restrained and enjoined from, directly or indirectly, using, disclosing, furnishing, or making available Acrisure, LLC's ("Acrisure") Confidential Information as the term is defined and used in Paragraph 8 of the Employment Agreements among the Parties;

C. Defendants are ordered to immediately return all of Acrisure's property and Confidential Information, as the term is used and defined in Paragraphs 8 and 9 of the Employment Agreements, in Defendants' possession, custody or control to Acrisure, including all such documents stored electronically;

D. Defendants are restrained and enjoined from altering, deleting, or otherwise destroying any information relevant to these proceedings, including without limitation communications with any individual or entity, correspondence to Defendants' personal email accounts and/or text message or other messaging platforms, communications concerning Acrisure's Confidential Information, as that term is defined in Paragraph 8 of the Employment Agreements, or communications with Acrisure's employees;

2

E. Defendants are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, contacting or engaging in any communication with any Acrisure or an Affiliated Entity customer or prospective customer for whom Defendants had responsibility before leaving Acrisure to secure business competitive to the products and services provided by Acrisure or Affiliated Entity, as those terms are defined and used in Paragraph 10 of the Employment Agreements;

F. Defendants are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, requesting, advising, or encouraging any customer of Acrisure or of an Affiliated Entity to terminate or curtail its relationship with Acrisure or an Affiliated Entity, or requesting or advising any person or entity to refrain from becoming a customer or supplier of Acrisure or an Affiliated Entity, as those terms are defined and used in Paragraph 10 of the Employment Agreement;

G. Defendants are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, requesting, advising, or encouraging any employee, agent, representative or independent contractor of Acrisure or an Affiliated Entity to terminate his, her, or its relationship with Acrisure or an Affiliated Entity, or requesting or advising any person or entity to refrain from becoming an employee, agent, representative or independent contractor of Acrisure or of an Affiliated Entity or otherwise pursuing, employing or retaining (as an employee, agent, representative or independent contractor or otherwise) any employee, agent, representative or independent contract of Acrisure or of an Affiliated Entity, as those terms are defined and used in Paragraph 10 of the Employment Agreements;

H. Plaintiff is granted limited expedited discovery and Defendants are directed to produce, no later than seven (7) days after the date of this Order, the following documents: (1) from December 1, 2023, to present, all documents and communications relating to attempts to solicit, encourage, or recruit current or former employees of Acrisure to another entity, including but not limited to Woodruff Sawyer & Co. ("Woodruff Sawyer"); (2) from December 1, 2023, to present, all documents and communications with Woodruff Sawyer relating to each Defendants', individually or collectively, potential employment and/or employment with Woodruff Sawyer; (3) from December 1, 2023, to present, all documents and communications relating to attempts to solicit, encourage, or recruit current or former customers of Acrisure to another entity, including but not limited to Woodruff Sawyer; (4) all documents and communications relating to any proprietary or confidential information of Acrisure.

I.   Plaintiff is hereby granted limited expedited discovery and Plaintiff is authorized to serve a document subpoena on Woodruff Sawyer seeking the production of the documents identified in the immediately preceding paragraph; and

J.   Defendants shall appear before this Court on __April 22__, 2024, at __8:30__, or as soon thereafter as counsel may be heard, and show cause, if any there be, why a preliminary injunction shall not issue.

**THIS ORDER DOES NOT RESOLVE THE LAST PENDING CLAIM AND DOES NOT CLOSE THIS CASE.**

IT IS SO ORDERED.

_____
Hon. **T. J. ACKERT**
Circuit Court Judge

1:00 pm  3-25-2024

4