# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ACRISURE, LLC**,
a Michigan limited liability company,

       Plaintiff

v.

**MATTHEW KELLY, CHRISTOPHER IOVINO, ROBERT KEMPNER, MICHAEL RELLA, ROBERT TRAGER, & ERIC WAGNER**,

       Defendants.

**Case No. 1:24-cv-00318**

**HON. JANE M. BECKERING**

---

**Edward J. Bardelli (P53849)**
**Jarrod H. Trombley (P83517)**
**WARNER NORCROSS + JUDD LLP**
*Attorneys for Plaintiff*
150 Ottawa Avenue, Suite 1500
Grand Rapids, Michigan 49503
(616) 752-2000
ebardelli@wnj.com
jtrombley@wnj.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**James R. Carroll**
**Christopher G. Clark**
*Co-Counsel for Plaintiff*
500 Boylston Street
Boston, Massachusetts 02116
james.carroll@skadden.com
christopher.clark@skadden.com

**Lee T. Silver (P36905)**
**Michael L. Gutierrez (P79440)**
**Daniel V. Barnett (P82372)**
**BUTZEL LONG, P.C.**
*Attorneys for Defendants*
300 Ottawa Ave NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
silver@butzel.com
gutierrez@butzel.com
barnett@butzel.com

---

## ORDER MODIFYING TEMPORARY RESTRAINING ORDER

Upon consideration of the Parties' Stipulation to Modify the *Temporary Restraining Order* entered on March 25, 2024 by the Kent County Circuit Court ("March 25 TRO"), as extended by the *sua sponte* March 26, 2024, *Good Cause Order Under MCR 3.310(B)(3) Extending Term Of Temporary Restraining Order Dated March 25, 2024 Until April 22, 2024* ("Sua Sponte Extension Order,") and the *Order Extending Temporary Restraining Order* (ECF No. 4, PageID.220-225) entered by this Court on March 28, 2024 (the "March 28 TRO") and, collectively with the March 25 TRO and the Sua Sponte Extension Order, the "TRO"*,* the Court finds good cause to modify the TRO pursuant to 28 USC 1450. *See Clio Convalescent Ctr. v. Michigan Dep't of Consumer and Indus. Services,* 66 F.Supp.2d 875, 877 (E.D.Mich.1999) ("A district court can dissolve or modify state court injunctions issued prior to removal"). This Order supersedes and replaces the TRO in its entirety. NOW THEREFORE, **IT IS HEREBY ORDERED**:

A.  This Order will expire, absent modification or extension by the Court or stipulation of the Parties, on April 22, 2024, or as soon thereafter as this Court conducts a hearing on Plaintiff's Motion for Preliminary Injunction;

B.  The preliminary injunction hearing date scheduled for April 9, 2024, at 11:00 a.m. is adjourned and the Court shall schedule a hearing on Plaintiff's Motion for Preliminary Injunction as soon as practicable for a date on or after April 22, 2024, and shall issue an order setting forth a briefing schedule for the same;

C.  Defendants are restrained and enjoined from, directly or indirectly, using, disclosing, furnishing, or making available Acrisure, LLC's ("Acrisure") Confidential Information as the term is defined and used in Paragraph 8 of the Employment Agreements among the Parties;

D.  Defendants are ordered to immediately return all of Acrisure's property and Confidential Information, as the term is used and defined in Paragraphs 8 and 9 of the Employment Agreements, in Defendants' possession, custody or control to Acrisure, including all such documents stored electronically;

E.  Defendants are restrained and enjoined from altering, deleting, or otherwise destroying any information relevant to these proceedings, including without limitation, communications with any individual or entity, correspondence to Defendants' personal email accounts and/or text message or other messaging platforms, communications concerning Acrisure's Confidential Information, as that term is defined in Paragraph 8 of the Employment Agreements, or communications with Acrisure's employees;

F.  Defendants Eric Wagner and Christopher Iovino are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, contacting or engaging in any communication with any Acrisure or an Affiliated Entity customer or prospective customer for whom Defendants had responsibility before leaving Acrisure to secure business competitive to the products and services provided by Acrisure or Affiliated Entity, as those terms are defined and used in Paragraph 10 of the Employment Agreements;

G.  Defendants Matthew Kelly, Michael Rella, Robert Kempner, and Robert Trager are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, contacting or engaging in any communication with any Acrisure customer or prospective customer for whom Defendants had responsibility before leaving Acrisure to secure business competitive to the products and services provided by Acrisure, as those terms are defined and used in Paragraph 10 of the Employment Agreements;

H. Defendants Eric Wagner and Christopher Iovino are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, requesting, advising, or encouraging any customer of Acrisure or of an Affiliated Entity to terminate or curtail its relationship with Acrisure or an Affiliated Entity, or requesting or advising any person or entity to refrain from becoming a customer or supplier of Acrisure or an Affiliated Entity, as those terms are defined and used in Paragraph 10 of the Employment Agreements;

I. Defendants Matthew Kelly, Michael Rella, Robert Kempner, and Robert Trager are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, requesting, advising, or encouraging any customer of Acrisure to terminate or curtail its relationship with Acrisure, or requesting or advising any person or entity to refrain from becoming a customer or supplier of Acrisure, as those terms are defined and used in Paragraph 10 of the Employment Agreement;

J. Defendants Eric Wagner and Christopher Iovino are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, requesting, advising, or encouraging any employee, agent, representative or independent contractor of Acrisure or an Affiliated Entity to terminate his, her, or its relationship with Acrisure or an Affiliated Entity, or requesting or advising any person or entity to refrain from becoming an employee, agent, representative or independent contractor of Acrisure or of an Affiliated Entity or otherwise pursuing, employing or retaining (as an employee, agent, representative or independent contractor or otherwise) any employee, agent, representative or independent contract of Acrisure or of an Affiliated Entity, as those terms are defined and used in Paragraph 10 of the Employment Agreements;

4

K. Defendants Matthew Kelly, Michael Rella, Robert Kempner, and Robert Trager are restrained and enjoined from, directly or indirectly, for themselves or for any other person or entity, requesting, advising, or encouraging any employee, agent, representative or independent contractor of Acrisure to terminate his, her, or its relationship with Acrisure, or requesting or advising any person or entity to refrain from becoming an employee, agent, representative or independent contractor of Acrisure or otherwise pursuing, employing or retaining (as an employee, agent, representative or independent contractor or otherwise) any employee, agent, representative or independent contract of Acrisure, as those terms are defined and used in Paragraph 10 of the Employment Agreements;

L. Plaintiff is granted limited expedited discovery and Defendants are directed to produce, no later than April 8, 2024, the following documents: (1) from December 1, 2023 to present, all documents and communications relating to attempts to solicit, encourage, or recruit current or former employees of Acrisure to another entity, including but not limited to Woodruff Sawyer & Co. ("Woodruff Sawyer"); (2) from December 1, 2023 to present, all documents and communications with Woodruff Sawyer relating to each Defendants', individually or collectively, potential employment and/or employment with Woodruff Sawyer; (3) from December 1, 2023, to present, all documents and communications relating to attempts to solicit, encourage, or recruit current or former customers of Acrisure to another entity, including but not limited to Woodruff Sawyer; (4) all documents and communications relating to any proprietary or confidential information of Acrisure.

M. Defendants are granted limited expedited discovery and Plaintiff is directed to produce, no later than April 11, 2024: (i) documents sufficient to establish whether the customers that Acrisure alleges were solicited by Defendants or have otherwise left Acrisure were

5

    customers of Acrisure, LLC or a different entity, as well as documents sufficient to establish the lines of business lost by Acrisure brokered for each such customer; (ii) all documents supporting Plaintiff's allegations in its verified complaint relating to allegations of Defendants' solicitation and communications with current and former customers, employees, agents, and representatives of Acrisure, LLC and any Affiliated Entity; Defendants' alleged accessing, downloading, viewing, disclosing or deleting Acrisure files or information; and Defendants' alleged breach of any confidentiality obligations owing to Plaintiff.

N. To the extent that either party claims a privilege or other protection concerning the documents ordered to be produced and withholds documents on that basis, that party shall produce a privilege log for any documents and communications for which they assert such privilege or protection.

O. Prior to either party's production, the parties shall submit for entry an agreed-upon protective order governing the use and dissemination of the documents produced by the parties and any third party in this matter.

P. Plaintiff has issued subpoena to third-party Woodruff-Sawyer pursuant to paragraph I of the March 25 TRO. That subpoena shall remain in full force and effect;

Q. Nothing in this Order shall prohibit any party or third-party from seeking different or additional relief from this Court, including, without limitation, further modification of this Order and the parties' respective rights and obligations hereunder.

R. A Hearing shall be held on the request for preliminary injunction on __May 2,__, 2024 at __1:30 PM__, before the Honorable Jane M. Beckering, 601 Federal Building, 110 Michigan Ave., N.W., Grand Rapids, Michigan 49503. All counsel of record shall be

   present in person and shall be prepared to address whether a Preliminary Injunction should issue continuing the terms of this Temporary Restraining Order for the pendency of this case.

S.   In the Court's discretion, the security requirement of Fed. R. Civ. P. 65(c) is WAIVED. *See Molton Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

T.   In the event the parties reach a settlement before the Hearing, counsel shall immediately file a notice indicating such.

U.   **IT IS FURTHER ORDERED** that Defendants shall file a Response to Plaintiff's request for a Preliminary Injunction not later than the close of business on April 15, 2024, and a Reply by Plaintiff shall be filed not later than the close of business on April 22, 2024.

   **IT IS SO ORDERED.**

Entered:   March 29, 2024

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge